T.C. Summary Opinion 2001-99

UNITED STATES TAX COURT

THOMAS F. HALE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5099-00S.                    Filed June 27, 2001.

Thomas F. Hale, pro se.

<u>S. Mark Barnes</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in Federal income tax of $2,344 and a penalty under section 6662(a) in the amount of $469 with respect to petitioner's 1996 tax year.

After concessions by the parties, the issues for decision are: (1) Whether petitioner, under section 1211(b), has established his entitlement to a deduction of $3,000 as a long-term capital loss, and (2) whether petitioner is liable for the penalty under section 6662(a).[2]

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof by reference. At the time the petition was filed, petitioner's legal residence was Pocatello, Idaho.

Petitioner was a professor of European history at Idaho State University at Pocatello, Idaho. Petitioner is also an attorney and was a member of the bars of the States of Idaho and Oregon. He was admitted to practice before various courts. However, petitioner was engaged only minimally in the practice of law.

---

[2] At trial, petitioner conceded the disallowance in the notice of deficiency of $3,154 of miscellaneous itemized deductions relating to a payment of $5,000 by petitioner for settlement of litigation that had been instituted against him by a credit union. Additionally, at trial, the parties reached a basis of settlement in connection with $8,840 in rental expenses claimed by petitioner on Schedule E, Supplemental Income and Loss, of his 1996 return.

On Schedule D, Capital Gains and Losses, of his 1996 Federal income tax return, petitioner reported a long-term capital loss of $20,475.44 from the sale of real estate located at Lava, Idaho, approximately 37 miles from Pocatello. The pertinent information on the return relative to this transaction was as follows:

| | |
|---|---|
| Date acquired | 8/11/89 |
| Date sold | 11/7/96 |
| Sales price | $21,000 |
| Cost or other basis | $41,475.44 |
| Loss | ($20,475.44) |

On the return, petitioner claimed a loss of $3,000 pursuant to the limitation of section 1211(b)(1). In the notice of deficiency, respondent disallowed the claimed $3,000 long-term capital loss for the reason that the property was not used in a trade or business or held for the production of income.

The subject property consisted of two adjoining lots at Lava, Idaho, on which was situated a building that originally was a residence but which petitioner contends he used on a part-time basis in connection with his limited law practice.

At trial, petitioner readily acknowledged that his claimed basis of $41,475.44 for the property was incorrect. Petitioner presented documentation showing his acquisition of the property on August 11, 1989, for $20,000. He contends that he incurred additional costs over the years totaling $12,537 for improvements

to the property. At trial, petitioner presented several receipts, invoices, and contracts purporting to relate to improvements to the property, which petitioner contended substantiated $9,158 for improvements. Thus, petitioner took the position at trial that his adjusted basis in the property was $29,158. For the reasons stated hereinafter, the Court need not address whether the documentation establishes the $9,158 claimed by petitioner for these improvements.

Following his 1989 acquisition of the property, petitioner and his wife divorced. In April 1993, petitioner's former spouse executed a quitclaim deed in favor of petitioner for her interest in the property. Also, during 1993, petitioner entered into a transaction with an individual, Peter Walker Burns (Mr. Burns), in which petitioner conveyed the subject property to Mr. Burns for what petitioner testified was payment of an indebtedness that petitioner owed to Mr. Burns, an attorney, for certain legal services Mr. Burns had provided to petitioner. However, petitioner contends that he was given an option to repurchase the property from Mr. Burns. Although an option contract or agreement was never prepared or executed by petitioner and Mr. Burns, petitioner executed a promissory note dated October 6, 1993, in favor of Mr. Burns in the principal amount of $21,000 bearing 8.5 percent per annum interest and payable in monthly installments of $206.80 on the sixth day of each month until

October 6, 2008.  No evidence was presented at trial to show whether petitioner ever made any payments on this note. Petitioner contends, however, that this note evidenced or constituted an option in his favor, and, presumably, upon payment of the note or an election by petitioner to exercise the option, Mr. Burns would convey title to the property to petitioner.

On February 2, 1996, petitioner executed a document wherein he relinquished his option to purchase the property from Mr. Burns.  That document makes no reference to the $21,000 promissory note.  However, petitioner contends that, when he relinquished his option to purchase the property in 1996, that relinquishment constituted a sale of the property to Mr. Burns, in which the consideration or selling price was the $21,000 note.[3]  It is on this set of facts that petitioner reported the transaction as the sale of a capital asset on his 1996 income tax return (acknowledging at trial that the claimed basis was in error and that the basis should have been $29,158, comprising the $20,000 paid in 1989 and $9,158 in improvements).  Thus, petitioner contends he realized the claimed long-term capital loss in 1996.  Petitioner acknowledged that, after he sold the property to Mr. Burns in 1993, he no longer used the property as

---

[3]   As the Court understands petitioner's testimony, the consideration paid by Mr. Burns was $21,000, evidenced by a cancellation of the $21,000 note.  There is no evidence that the $21,000 note was returned to petitioner.

he had in the past, although he "looked after" the property for Mr. Burns.

Section 1221 provides:

> For purposes of this subtitle, the term "capital asset" means property held by the taxpayer (whether or not connected with his trade or business), but does not include--
>
> (1) stock in trade of the taxpayer * * *;
>
> (2) property, used in his trade or business, of a character * * * subject to * * * depreciation * * *;
>
> (3) a copyright * * *;
>
> (4) accounts or notes receivable acquired in the ordinary course of * * * business * * *;
>
> (5) a publication of the United States Government * * *;

Section 1222(3) provides: "The term 'long-term capital gain' means gain from the <u>sale or exchange</u> of a capital asset." (Emphasis added.)

There was no sale or exchange of any property by petitioner during 1996. The title to the property discussed above had been transferred, sold, or conveyed by petitioner to Mr. Burns in 1993. What occurred during 1996 between petitioner and Mr. Burns was the relinquishment by petitioner of what petitioner contended was an option for purchase of the property. That option was predicated on a promissory note of $21,000 that petitioner had executed in favor of Mr. Burns during 1993. There is no evidence

that petitioner paid any amounts on this note, nor is there any evidence that Mr. Burns paid any amount to petitioner for relinquishment of the option. The Court concludes that petitioner did not engage in a sale or exchange during 1996, nor did petitioner engage in any other transaction with Mr. Burns during 1996 that resulted in the realization of either gain or loss. Respondent, therefore, is sustained on this issue.

Respondent determined that petitioner is liable for the penalty under section 6662(a) for negligence or disregard of rules or regulations under section 6662(b)(1).

Section 6662(a) provides that, if it is applicable to any portion of an underpayment in taxes, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which section 6662 applies. Under section 6664(c), no penalty shall be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion, and that the taxpayer acted in good faith with respect to such portion.

Section 6662(b)(1) provides that section 6662 shall apply to any underpayment attributable to negligence or disregard of rules or regulations. Section 6662(c) provides that the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws, and the term "disregard" includes any careless, reckless, or intentional

disregard of rules or regulations. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. See <u>Neely v. Commissioner</u>, 85 T.C. 934, 947 (1985). It is well established that the taxpayer bears the burden of proof on this issue. See <u>Bixby v. Commissioner</u>, 58 T.C. 757, 791 (1972).

In the notice of deficiency, respondent determined a deficiency based on three adjustments to petitioner's tax return for 1996. At trial, petitioner conceded one of the adjustments, and the parties reached a basis of settlement for another adjustment. Petitioner presented no evidence as to these two adjustments showing that he had reasonable cause for the underpayment relating thereto. The other adjustment related to a claimed capital loss, discussed in detail above. The Court finds that the underpayment as to this adjustment was also due to a careless, reckless, or an intentional disregard of rules or regulations. Respondent, therefore, is sustained on the entire amount of petitioner's underpayment with respect to the penalty under section 6662(a).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered under Rule 155.</u>